A06A1590. TOY WRIGHT VENTURES, LLC v. RADLO FOODS, LLC.
(635 SE2d 862)

RUFFIN, Chief Judge.
Toy Wright Ventures, LLC ("Toy Wright") entered a contract to purchase land from Radlo Foods, LLC. After Radlo Foods indicated that it was voiding the agreement, Toy Wright filed suit against Radlo Foods for specific performance of the contract. The trial court granted

---

[5] OCGA § 5-6-41 (g).

[6] Id.

Radlo Foods' motion for summary judgment, finding that the contract permitted Radlo Foods to terminate the agreement. In four enumerations of error on appeal, Toy Wright contends that the trial court erred in construing the contract in this manner. As we find no error, we affirm.

The construction of a contract is, at the outset, a question of law for the court.[1] In construing a contract, the trial courts must follow a three-step process.[2] First, the trial court must decide if the contract language is ambiguous.[3] "Language is unambiguous if it is capable of only one reasonable interpretation."[4] Second, if the contract contains an ambiguity, the trial court applies the rules of statutory construction.[5] Where, however, the language of the contract is plain, the rules of construction have no application, and the court must give meaning to the contract as written.[6] Finally, if an ambiguity remains after applying the rules of contract construction, the issue must be submitted to a jury.[7] We review de novo a trial court's construction of a contract.[8]

The contract language at issue is contained in a section of the agreement pertaining to various contingencies. Specifically, the document provides that:

[t]his contract shall also be contingent upon Jackson County installing sewer service to the intersection of Toy Wright Road and Possum Creek Road and written commitment of sewer capacity on or before June 30, 2005. If said sewer is not installed and certified by June 30, 2005, [Toy Wright] may elect to waive this sewer contingency and close within five (5) business days. Otherwise, [Radlo Foods] or [Toy Wright] may terminate this contract by written notice to the other party, in which event this Agreement shall be void and of no further effect, subject to the provisions of the following two sentences. In such case, if a letter has been received from Jackson County indicating adequate sewer capacity will be

---

[1] See *Krogh v. Pargar, LLC*, 277 Ga. App. 35, 37 (2) (625 SE2d 435) (2005).

[2] See id.

[3] See id.

[4] (Punctuation omitted.) *Hammer Corp. v. Wade*, 278 Ga. App. 214, 217 (1) (628 SE2d 638) (2006).

[5] See *Krogh*, supra at 37-38.

[6] See *Blueshift, Inc. v. Advanced Computing Technologies*, 273 Ga. App. 802, 805 (2) (616 SE2d 816) (2005).

[7] See *Krogh*, supra at 38.

[8] See id.

available to the Property within six (6) months, [Radlo Foods] shall retain the earnest money. If no such letter has been received, the earnest money shall be refunded to [Toy Wright].

If [Radlo Foods] determines, in its reasonable discretion, that said sewer will not be installed and certified by June 30, 2005 as set forth above, [Radlo Foods] shall have the right to terminate this Agreement by written notice to [Toy Wright], in which event the [e]arnest [m]oney shall be returned to [Toy Wright] and this Agreement shall be void and of no further effect.

On May 26, 2005, the real estate company informed Radlo Foods by letter that Toy Wright intended to close on the contract "on or before June 30, 2005." This letter, however, did not reference the contingency. James Enix, who signed the contract on behalf of Toy Wright, spoke with Jack Radlo, a signatory of the contract on behalf of Radlo Foods, and notified him that Toy Wright intended to waive the contingency. By letter dated June 9, 2005, Radlo Foods' attorney informed Toy Wright that it had "determined from the Jackson County Water and Sewer Authority that the sewer will not be available until August of 2005. . . . Our client, therefore, elects to terminate this agreement, and the agreement is hereby declared null, void and of no effect." Toy Wright responded by letter dated June 22, 2005, stating that it waived the contingency and that it was prepared to close on the contract on June 29, 2005. Radlo Foods refused to close, and Toy Wright filed suit.

Radlo Foods moved for summary judgment, asserting that under the express terms of the agreement, it had the right to terminate the contract if it determined that the sewer would not be installed and certified by June 30, 2005. The trial court agreed, and this appeal followed.

In several enumerations of error, Toy Wright challenges the trial court's ruling. Specifically, Toy Wright cites language contained in the first part of the contingency, asserting that under the rules of grammar, it had until June 30, 2005, in which to waive the sewer requirement. Toy Wright, however, does not focus on the subsequent language, which states that "[i]f [Radlo Foods] determines, in its reasonable discretion, that said sewer will not be installed and certified by June 30, 2005 as set forth above, [Radlo Foods] shall have the right to terminate this Agreement by written notice to [Toy Wright]." "When, as here, the terms of an agreement are clear and unambiguous, the

contract must be enforced according to its terms."[9] As the contract clearly gave Radlo Foods the right to terminate the agreement if it determined that the sewer would not be installed by June 30, 2005, the trial court construed it correctly. It follows that the trial court did not err in granting Radlo Foods' motion for summary judgment.[10]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 24, 2006.

*Davidson, Hopkins & Booth, Robert D. Alexander, Jr., Hulsey, Oliver & Maher, Abbott S. Hayes, Jr.*, for appellant.
*Stewart, Melvin & Frost, Frank Armstrong III*, for appellee.

---

[9] *Milhollin v. Salomon Smith Barney, Inc.*, 272 Ga. App. 267, 273 (2) (b) (612 SE2d 72) (2005).

[10] See *Hammer Corp.*, supra at 217-218.